**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** § | |
| **COMMISSION,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| **v.** § | |
| § | **CIVIL ACTION NO. 1:07cv524** |
| **VIDOR MANOR NURSING HOME, INC.** § | |
| **and VIDOR MANOR, INC., d/b/a** § | |
| **LEGACY LIVING CENTERS** § | |
| § | |
| *Defendants*. § | **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

1.      This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to afford appropriate relief to Jennifer Holbrook, who was adversely affected by such practices. Defendants unlawfully discriminated against Ms. Holbrook because she was pregnant.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.      Venue is proper within the jurisdiction of the United States District Court for the Eastern District of Texas, Beaumont Division.

4.     The employment practices alleged to be unlawful were committed in Vidor, Texas, which is within the jurisdiction of the United States District Court for the Eastern District of Texas, Beaumont Division.

## PARTIES

5.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f) of Title VII, 42 U.S.C. Section 2000e-5(f)(1).

6.     At all relevant times, Defendant Vidor Manor Nursing Home, Inc., has continuously been a Texas corporation doing business in the state of Texas. During Ms. Holbrook's employment with Vidor Manor, it continuously did business in the city of Vidor and Orange County, Texas, and has continuously had at least fifteen (15) employees during relevant times.  Vidor Manor Nursing Home, Inc., may be served with process by serving its registered agent, Jeffrey E. Hansen, 1101 Little School Road, Arlington, Texas 76017.

7.     At all relevant times, Defendant Vidor Manor Nursing Home, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

8.     At all relevant times, Defendant Vidor Manor, Inc., d/b/a Legacy Living Centers, has continuously been a Texas corporation doing business in the state of Texas. During Ms. Holbrook's employment with Vidor Manor, it continuously did business in the city of Vidor and Orange County, Texas, and has continuously had at least fifteen (15) employees during relevant times.  Vidor Manor, Inc. may be served with process by serving its registered agent, Jeffrey E. Hansen, 3825 West Green Oaks Boulevard, Suite 250, Arlington, Texas 76016.

9.      At all relevant times, Defendant Vidor Manor, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

10.      More than thirty days prior to the institution of this lawsuit, Jennifer Holbrook filed a charge with the Commission alleging violations of Title VII by Vidor Manor, and all conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of a charge and an attempt to conciliate the matter.

11.      On or about February 2006, Defendants engaged in unlawful employment practices at their facility in Vidor, Texas, in violation of Sections 703(a)(1) and 701(k) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e(k).  The practices include subjecting Ms. Holbrook to unlawful sex discrimination on the basis of pregnancy.

12.      Jennifer Holbrook began working as the Business Office Manager of Vidor Manor Nursing Home around February 18, 2005.

13.      In Spring 2005, Ms. Holbrook learned that she was pregnant and scheduled the delivery of her baby (via Caesarean procedure) for January 10, 2006.

14.      A document dated December 12, 2005, indicates that FMLA leave, beginning on January 3, 2006, was approved for Ms. Holbrook.  The line labeled "Number of Days Requested" was left blank, but signatures had already been obtained for "Supervisor Approval" and "Administrator Approval."  As confirmed at Ms. Holbrook's Texas Workforce Commission appeal hearing, the line was left blank to provide Ms. Holbrook with some flexibility on her return date because she wanted to return to work in less than 12 weeks if possible.

15.     Around December 27, 2005, Administrator Ken Richardson advised Ms. Holbrook that she had to leave the facility immediately because Sharon Flowers, from Defendants' corporate office, instructed him to send Ms. Holbrook home.  Ms. Flowers had expressed the belief that Ms. Holbrook might have toxemia because Flowers thought that Holbrook was swelling too much during her pregnancy.

16.     Around February 16, 2006, Ms. Holbrook learned from a Vidor Manor co-worker that she no longer had a job. Vidor Manor management never informed her that she had been fired.

17.     Defendants intentionally and discriminatorily failed to make payments to the insurance company on Ms. Holbrook's behalf even though they withheld amounts from her paychecks.  This action caused Ms. Holbrook to lose coverage and not have pregnancy and birth-related medical bills covered.

18.     The firing of Ms. Holbrook was motivated by her pregnancy and subsequent maternity leave to give birth to and care for a child.

19.     The effect of these unlawful practices has been to deprive Ms. Holbrook of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her pregnancy.

20.     The unlawful employment practices complained of above were intentional.

21.     Defendants, at all relevant times, have been acting with malice or reckless indifference to the federally protected rights of Ms. Holbrook in violation of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in pregnancy discrimination, and any other employment practice which discriminates on the basis of sex.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their sex, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendants to make whole Jennifer Holbrook, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Jennifer Holbrook, or order an award of front pay in an amount to be proved at trial if reinstatement is impractical.

D.     Order Defendants to make whole Jennifer Holbrook, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 – 18, above, including medical expenses, the value of lost insurance benefits, and job search expenses, in an amount to be determined at trial.

E.     Order Defendants to make whole Jennifer Holbrook by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 11–18, above, including emotional pain and suffering, in an amount to be determined at trial.

F.     Order Defendants to pay Jennifer Holbrook punitive damages for their malicious and reckless conduct described in paragraphs 14–18, above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## <u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.


                                    Respectfully submitted,

                                    EQUAL EMPLOYMENT OPPORTUNITY
                                    COMMISSION

                                    RONALD S. COOPER
                                    General Counsel

                                    JAMES LEE
                                    Deputy General Counsel

                                    GWENDOLYN YOUNG REAMS
                                    Associate General Counsel
                                    1801 L. Street, N.W.
                                    Washington, D.C. 20507


                                     /s/ Timothy M. Bowne_____
                                    Timothy M. Bowne
                                    Senior Trial Attorney
                                    Attorney-in-Charge
                                    Texas Bar No. 00793371

                                    Equal Employment Opportunity Commission
                                    1919 Smith Street, 6th Floor
                                    Houston, Texas 77002
                                    (713) 209-3395
                                    (713) 209-3402 [facsimile]
                                    timothy.bowne@eeoc.gov


OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002